The People of the State of New York, Respondent, v Robert Fowler, Appellant.

The People of the State of New York, Respondent, v Nathan Giles, Jr., Appellant.

First Department, April 14, 1983

APPEARANCES OF COUNSEL

*Bruce Allen* of counsel (*Robert M. Morgenthau, District Attorney,* attorney), for respondent.

*Alan S. Axelrod* and *Bertrand J. Kahn* of counsel (*William E. Hellerstein,* attorney), for appellants.

OPINION OF THE COURT

*Per Curiam.*

The Legal Aid Society brings these motions seeking an order enlarging the time within which to perfect each of the appeals from the June, 1983 Term of this court to the October, 1983 Term. The motions are granted to the extent of enlarging the time to perfect to the September, 1983 Term, on dates specified in the orders to be entered herein.

In People v Fowler, judgment was rendered on December 20, 1979, with the Legal Aid Society being assigned as counsel on February 5, 1980. The record, consisting of nearly 5,500 pages of transcript, was forwarded to counsel on July 23, 1980. While Legal Aid notes that a portion of

the minutes involving a suppression motion was not received until October 1, 1982, it nevertheless appears that had counsel timely reviewed the record, such fact would have been ascertained, at an early date, and appropriate steps taken to obtain the minutes.

In People v Giles, judgment was rendered on May 5, 1980, the Legal Aid Society was assigned on July 10, 1980, and the nearly 4,500-page transcript forwarded to counsel on October 1, 1980. Thereafter, three enlargements of time were granted.

In late January, 1983, Legal Aid moved in each of these matters to be relieved as counsel and to have other counsel substituted. Each of the motions was denied, and counsel directed to perfect for the June, 1983 Term of the court. Now, despite the long delay which has already occurred, Legal Aid seeks still a further, and lengthy, enlargement of time.

We are impelled to express our disapproval with the inability of the Legal Aid Society to perfect in timely fashion the appeals assigned to it. In so doing we are not unmindful of the heavy burden thrust upon the Legal Aid Society nor do we wish to appear critical generally of its efforts. What we are unable to do is countenance the seeming refusal of the Legal Aid Society to perfect appeals from these judgments, rendered approximately three years ago.

It ill behooves the Legal Aid Society to seek lengthy adjournments in instances where the transcript of the proceedings below has been in its possession for a period in excess of two years. To a defendant who is incarcerated, a reversal of the judgment of conviction some three to four years after its rendition is truly justice denied. A proper regard for the administration of justice and the attorney-client relationship impels the conclusion that the delay encountered here is unacceptable.

Ross, J. P., Asch, Milonas, Kassal and Alexander, JJ., concur.

Motions granted only insofar as to extend appellants' time to perfect the appeals to the September, 1983 Term, as indicated in the orders of this court.